**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| NOSTROMO LLC, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| RESIDEO TECHNOLOGIES, INC. and ADEMCO INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Nostromo LLC ("Nostromo" or "Plaintiff") for its Complaint against Defendants Resideo Technologies, Inc. and Ademco Inc. (collectively, "Resideo" or "Defendants") for patent infringement alleges as follows:

**THE PARTIES**

1. Nostromo is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Suite 160, Marshall, TX 75670.

2. On information and belief, Defendant Resideo Technologies, Inc. ("Resideo") is a corporation formed and organized under the laws of Delaware with its principal executive offices and corporate headquarters located at 16100 N. 71st Street, Suite 550, Scottsdale, Arizona. Resideo is registered to do business in Texas. See TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/ at Filing No. 804269474 (showing Resideo's application for registration to do business as a foreign corporation in Texas). Resideo's registered agent in Texas is Corporation Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3128.

3. On information and belief, Defendant Ademco Inc. ("Ademco") is a corporation formed and organized under the laws of Delaware with its principal place of business at 115 Tabor Rd. Morris Plaints, NJ 07950. Ademco is registered to do business in Texas and maintains Corporation Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3128 as its registered agent. See TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/ at Filing No. 803012625 (showing Ademco's 2021 Public Information Report in Texas).  Ademco is a wholly-owned subsidiary of Resideo.

4. In about October of 2018, Honeywell International Inc. completed a spin-off of its "Home" business into a new company—Resideo Technologies, Inc., which is a defendant in this action. Defendant Resideo became a public company, trading under the ticker symbol "REZI" of the New York Stock Exchange. Resideo describes itself as "a leading global manufacturer and developer of technology-driven products and solutions that provide critical comfort, residential thermal and security solutions to over 150 million homes globally " and also "the leading wholesale distributor of low-voltage security products including intrusion, access control and video products and participate significantly in the broader related markets of smart home, fire, power, audio, ProAV, networking, communications, wire and cable, enterprise connectivity, and structured wiring products." *Resideo 2021 Annual Report*, at "Form 10-K", available for download at https://investor.resideo.com/financials/annual-reports/default.aspx.  Defendant Resideo operates via two business segments: "Products & Solutions" and "ADI Global Distribution." *Id.* at 4 (citations are to the document's internal pagination).

5. Resideo's Products & Solutions segment offers "temperature and humidity control, thermal water and air solutions, as well as security panels, sensors, peripherals, wire and cable, communications devices, video cameras, awareness solutions, cloud infrastructure, installation

and maintenance tools, and related software." *Resideo 2021 Annual Report* at 4. These products offer "home connectivity" that provide "control, visibility, insights, and alerts to the end user." The Products & Solutions segment "operate[s] manufacturing and distribution facilities throughout the world, including sites in Mexico, Czech Republic, Hungary, the United States, Germany, United Kingdom, Netherlands and China." *Resideo 2021 Annual Report* at 5. This segment's revenue is derived in significant part "from products manufactured in [Resideo's] own facilities." *Id.* And "manufacturing operations include printed circuit board (PCB) assembly, surface mount technologies (SMT), automatic and manual assembly and test, electrotechnical assembly and test, die casting and machining, calibration and final test." *Id.* Resideo also sources "raw materials and commodities, electronic components and assemblies, and mechanical components and assemblies from a wide range of third-party suppliers worldwide." *Id.* The Products & Solutions segment primarily sells Resideo's products "through a network of professional contractors, distributors, OEMs, retailers and online merchants." *Id.* at 10.

6.      Resideo's ADI Global Distribution segment utilizes "nearly 200 stocking locations in 16 countries" to "distributes [] more than 350,000 products from over 1,000 manufacturers to a customer base of over 100,000 contractors and is recognized for superior customer service." *Resideo 2021 Annual Report* at 4. This segment distributes products, including Resideo's own products, from "industry-leading manufacturers and carries a line of private label products." These products are "delivered through a comprehensive network of professional contractors, distributors and OEMs, as well as major retailers and online merchants." *Id.* at 28. Fourteen percent (14%) of the segment's net revenue comes from the sale of products from Resideo's Products & Solutions segment. *Id.*

3

7. On information and belief, Defendant Ademco registered to use "Resideo" as an assumed name at least with the Secretary of State of Texas, and also does business in the U.S. as "ADI Global Distribution," also referred to as "ADI." *See, e.g.*, https://www.adiglobaldistribution.us/Catalog/shop-brands/resideo.

8. Among Resideo's products, Resideo designs, manufactures, distributes, and sells products that specialize in smart home technology, including "air and temperature control solutions, security products, water monitoring product and energy solutions." *See* https://www.adiglobaldistribution.us/Catalog/shop-brands/resideo (summarizing the Resideo brand product offerings). These products communicate with each other using network protocols, including 802.11-based protocols (referred to commonly as "Wi-Fi"). For example, Resideo offers "smart thermostats, programmable thermostats, non-programmable thermostats, air purifiers, humidifiers, [and] ventilation controls" as air and temperature solutions." Resideo also offers "door and window contacts, alarm communicators and control panels, security cameras, smoke detectors, heat detectors, CO detectors, [and] wireless keys" as security solutions. And Resideo offers "leak detectors, freeze detectors, water heater solutions, [and] hydronic zoning panels" as water safety solutions. Among power or energy solutions products, Resideo offers "smart thermostats, HVAC components and other home system essentials."

9. On information and belief, Defendants on their own and/or via subsidiaries, distributors, and affiliates maintain a corporate and commercial presence in the United States, including in Texas and this District. Defendants maintain their business presence in the U.S. and Texas via at least the following activities: 1) providing branch locations across the U.S. (including four in Texas) where consumers may pick-up purchased products; 2) maintaining an online presence (https://www.resideo.com/us/en/products/,

4

https://www.adiglobaldistribution.us/Catalog/shop-brands/resideo, and https://www.honeywellhome.com/us/en) that solicits sales of Resideo products under at least the Resideo® and Honeywell Home™ brands; 3) distributing, via wholesale and retail channels, Resideo's products and services, including utilizing national retailers in this District; 4) providing to U.S. consumers the "Resideo App," the "Total Connect Comfort app" and the "ADI mobile app" (among other app software) for accessing product information, connecting to Wi-Fi networks, purchasing products, and other services related to Resideo products; 5) establishing a network of distributors, dealers, and qualified expert installers for the sale and use of Resideo products across the U.S.; and 6) employment of at least 3,300 persons in the United States, including residents of Texas and this District.  For example, Defendants employ Texas residents in at least four (4) business locations in the Dallas/Fort Worth area, including at 12880 Valley Branch Lane Farmers Branch, TX 75234 (branch location); 5036 Saunders Rd., Fort Worth, TX 76119 (branch location), 750 W John Carpenter Freeway, Irving, TX, 75039, 346 Beltline Rd Unit 100, Coppell, TX, 75019, and 2601 Petty Place, Fort Worth, TX, 76177.  *See, e.g., Why Join Us, RESIDEO*, https://www.resideo.com/us/en/corporate/ about/careers (providing a link to Resideo's job search portal, which identifies where Resideo is hiring).[1]  Thus, Defendants Resideo and Ademco do business in the United States, the state of Texas, and in the Eastern District of Texas.

## JURISDICTION

10.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

---

[1] As of the date of the Complaint, Resideo advertised at least four (4) positions in Texas.

11. This Court has personal jurisdiction over Defendants. Defendants regularly conduct business and have committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.[2]

12. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because, among other things, Defendants are subject to personal jurisdiction in this Judicial District, has a regular and established place of business in this Judicial District, have purposely transacted business involving the accused products in this Judicial District, including sales to one or more customers in Texas, and certain of the acts complained of herein, including acts of patent infringement, occurred in this Judicial District. Further, upon information and belief, the Defendants have admitted or not contested proper venue in this Judicial District in other patent infringement actions.

13. Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

A. **Defendant Resideo**

14. On information and belief, Defendant Resideo is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at

---

[2] For example, Resideo advertises that its "Honeywell Home" products are available at retailers across the United States, including in this Judicial District, which include, but are not limited to, The Home Depot, Lowe's, Best Buy, Walmart, ACE, and Target, among other retailers. *See* https://www.resideo.com/us/en/find-a-retailer/.

least to its substantial business in this State and this District, including: (A) at least part of its infringing activities alleged herein, including its registration to do business in Texas, which purposefully avail the Defendant of the privilege of conducting those activities in this state and this District and, thus, submits itself to the jurisdiction of this court; and (B) regularly doing or soliciting business, engaging in other persistent conduct targeting residents of Texas and this District, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to and targeting Texas residents and residents of this District vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, affiliates, and/or consumers.

15. For example, Resideo owns and/or controls multiple, subsidiaries, distributors, and affiliates including, but not limited to, Defendant Ademco. Ademco operates in the U.S. and in Texas under the assumed name "Resideo" and is also known as ADI Global Distribution or ADI. Resideo maintains a significant business presence in Texas by employing residents in at least four (4) branch locations where consumers may purchase and pick-up merchandise and other warehousing /distribution facilities, including locations in Austin, Houston, San Antonio, and the Dallas/Fort Worth Area. *See, e.g., Branch Locator, ADI,* https://www.adiglobaldistribution.us/dealerlocator (providing a search function for consumers to find branch locations in the U.S. and Texas). Resideo, via at least the operations of its ADI Global Distribution business segment, owns or leases a logistics and distribution facility in this District at 2601 Petty Place, Fort Worth, TX, 76177. Importantly, Resideo maintains its own employees or agents at this facility to conduct its business of at least distribution of Resideo products. See, e.g., https://ehtl.fa.us6.oraclecloud.com/hcmUI/CandidateExperience/en/sites/CX/job/13250 (showing

7

a "Sr Multimedia Specialist" position for ADI Global Distribution open for hiring at the 750 W John Carpenter Freeway, Irving, TX, 75039, US).

16. Such a corporate and commercial presence by Defendant Resideo furthers the development, design, manufacture, importation, distribution, and sale of Defendant's infringing electronic devices in Texas, including in this District. Through utilization of its business segments and the direction and control of its subsidiaries and affiliates, Resideo has committed acts of direct and/or indirect patent infringement within Texas, this District, and elsewhere in the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Resideo would not offend traditional notions of fair play and substantial justice.

17. On information and belief, Resideo controls or otherwise directs and authorizes all activities of its subsidiaries, distributors, and affiliates, including, but not limited to Defendant Ademco, which, significantly, have substantial business operations in Texas. Directly and via at least these subsidiaries, distributors, and/or affiliates and via intermediaries, such as resellers, dealers, expert installers, and customers, Resideo has placed and continues to place infringing electronic devices, including Resideo's smart home devices, such as Resideo® and Honeywell Home™ branded devices, into the U.S. stream of commerce. Resideo has placed such products into the stream of commerce with the knowledge and understanding that such products are, will be, and continue to be sold, offered for sale, and/or imported into this District and the State of Texas. *See Litecubes, LLC v. Northern Light Products, Inc.*, 523 F.3d 1353, 1369-70 (Fed. Cir. 2008) ("[T]he sale [for purposes of § 271] occurred at the location of the buyer."); *see also Semcon IP Inc. v. Kyocera Corporation*, No. 2:18-cv-00197-JRG, 2019 WL 1979930, at *3 (E.D. Tex. May 3, 2019) (denying accused infringer's motion to dismiss because plaintiff sufficiently plead

that purchases of infringing products outside of the United States for importation into and sales to end users in the U.S. may constitute an offer to sell under § 271(a)).

18. On information and belief, Defendant Resideo also purposefully places infringing smart home devices in established distribution channels in the stream of commerce by contracting with national retailers who sell Resideo's products in the U.S. via online and brick and mortar stores, including in Texas and this District. Resideo contracts with these companies with the knowledge and expectation that Resideo's smart home devices will be imported, distributed, advertised, offered for sale, and sold in the U.S. market. For example, at least Best Buy, Walmart, Home Depot, Lowes, Target, and Amazon.com offer for sale and sell Resideo smart home devices, in and specifically for the U.S. market, via their own websites or retail stores located in and selling their products to consumers in Texas and this District. *See, e.g., Find A Resideo Retailer Near You, RESIDEO*, https://www.resideo.com/us/en/find-a-retailer/ (showing where the Resideo's products are sold). Moreover, Resideo products, such as at least Honeywell Home™ branded products are offered for sale and sold in retail stores located in this District. *See, e.g., T9 WiFi 7-Day Programmable Smart Thermostat with Touchscreen Display and Smart Room Sensor*, HOME DEPOT, https://www.homedepot.com/p/Honeywell-T9-WiFi-7-Day-Programmable-Smart-Thermostat-with-Touchscreen-Display-and-Smart-Room-Sensor-RCHT9610WFSW2003/312604036 (showing Resideo's Honeywell Home product available for sale in Frisco). Resideo also provides its application software products and services, e.g., the "Resideo App," the "Total Connect Comfort App," and the "Total Connect 2.0 App" for download and use in conjunction with and as a part of smart home devices. *See Applications for Your Connected Products, RESIDEO*, https://www.resideo.com/us/en/apps/ (listing available Resideo apps).

19. Based on Defendant Resideo's connections and relationship with its distributors, subsidiaries, including its wholly owned subsidiary Ademco, resellers, contractors, dealers, installers, local and U.S.-based national retailers, and digital distribution platforms, Resideo knows that Texas is a termination point of the established distribution channel for the sale and use of Resideo smart home products and related software to consumers in Texas. Resideo, therefore, has purposefully directed its activities at Texas, and should reasonably anticipate being brought in this Court, at least on this basis. *See Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, 2009 WL 1025467, at (E.D. Tex. 2009) (finding that "[a]s a result of contracting to manufacture products for sale in" national retailers' stores, the defendant "could have expected that it could be brought into court in the states where [the national retailers] are located").

20. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). As alleged herein, Defendant Resideo has committed acts of infringement in this District. As further alleged herein, Defendant Resideo, via its own operations and employees located there and via ratification of Defendant Ademco's (i.e., ADI) presence and activities, including as an agent and alter ego of Resideo, has a regular and established place of business, in this District. Resideo's regular and established place of business is at 2601 Petty Place, Fort Worth, TX, 76177, which according to publicly available records is located in Denton County. Accordingly, Resideo may be sued in this district under 28 U.S.C. § 1400(b).

**B.   Defendant Ademco**

21. On information and belief, Defendant Ademco is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and this District, including: (A) at least part of its infringing activities alleged herein which purposefully avail the Defendant of the privilege of

conducting those activities in this state and this District and, thus, submits itself to the jurisdiction of this court; and (B) regularly doing or soliciting business, engaging in other persistent conduct targeting residents of Texas and this District, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to and targeting Texas residents and residents of this District vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers. For example, Ademco is registered to do business in Texas, including registration to use the name "Resideo," which is the same name of its parent Resideo Technologies, Inc. Moreover, Ademco, including as an alter ego of parent company Resideo, owns and operates a logistics/ distribution facility where employees and/or agents of Defendants work to store, distribute, and sell Resideo products, including related administration of the business. This facility is located in Denton County at 2601 Petty Place, Fort Worth, TX, 76177.

22.   Defendant Ademco further is responsible for importing, shipping, distributing, selling, offering for sale, delivering, and using Resideo's smart home devices, including Resideo® and Honeywell Home™ branded products and purposefully placing infringing smart home devices i n established distribution channels in the stream of commerce in the U.S., including in Texas and this District. For example, Ademco, in concert with Resideo as part of the ADI Global Distribution segment, distributes its products to residents of Texas and this District, via distributors, professional contractors, original equipment manufacturers, dealers, retailers, and online merchants (including its own online store). *See Resideo , ADI,* https://www.adiglobaldistribution.us/Catalog/shop-brands/resideo (showing Resideo products offered for sale via ADI's website). Moreover, Ademco provides branch locations where residents of Texas and this District "shop and pick up anytime at an ADI locker" Resideo products sold to

consumers via ADI's website. *See Shop Online, Pick Up Anytime, ADI,* https://www.adiglobaldistribution.us/pick-up-anytime. Ademco also provides software applications such as the ADI app "for the easiest, fastest, access to products, account information and more." *See Access ADI Wherever You Go, ADI*, https://www.adiglobaldistribution.us/adi-app (advertising that the app "makes browsing and shopping low-voltage products easier than ever"). Defendant Ademco, therefore, has purposefully directed its activities at Texas, and should reasonably anticipate being brought in this Court.

23. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). As alleged herein, Defendant Ademco has committed acts of infringement in this District and has one or more regular and established places of business in this District, including the location listed above in Denton County. One such regular and established place of business is the Ademco facility located at 2601 Petty Place, Fort Worth, TX, 76177, which Resideo and Ademco jointly utilize, via their employees and/or agents, to store, distribute, and sell Resideo products in this District, Texas, and the U.S. Accordingly, Defendant Ademco may be sued in this district under 28 U.S.C. § 1400(b).

24. On information and belief, Defendants Resideo and Ademco each have significant ties to, and presence in, the State of Texas and the Eastern District of Texas, making venue in this District both proper and convenient for this action.

**PATENT-IN-SUIT**

25. On October 15, 2013, the United State Patent and Trademark Office duly and legally issued U.S. Patent No. 8,559,970 (the "'970 Patent") entitled "Method for Providing Location-Based Services, Location-Based Information Services Systems, and Portable Electronic Device". A true and correct copy of the '970 Patent is available at:

https://patentimages.storage.googleapis.com/65/ea/2c/35ce607a1a84ab/US8559970.pdf.

26. Nostromo is the sole and exclusive owner of all right, title, and interest in the '970 Patent (the "Patent-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. Nostromo also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

27. Nostromo has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patent-in-Suit. Upon information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

28. The '970 Patent general relates to technology for providing location-based information service to a portable device. The technology described in the '970 Patent was developed by inventor Yung-Chao Lee. For example, the technology of the '970 Patent is implemented products that provide location-based services to a portable device, such as the Honeywell[3] thermostats, alarm services, and security cameras using the Total Connect System. For example, the Total Connect System works with Honeywell alarm systems, such as the hardwired Honeywell Vista 15P, the Honeywell Vista 20P, and the Honeywell Vista 21ip alarm panels, as well as the wireless alarm systems, including the Honeywell Lynx Plus, Honeywell Lynx L5210, and the Honeywell Lynx L7000.

29. Defendants have infringed and continue to infringe the Patent-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell,

---

[3] In about October 2018, Honeywell International Inc. completed a spin-off of its "Home" business into a new company: Defendant Resideo Technologies, Inc. Any reference to "Honeywell" is meant to refer to Resideo.

offer to sell, and/or importing, products that infringe the Patent-in-Suit.

## COUNT I
### (Infringement of the '970 Patent)

30. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

31. Nostromo has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '970 Patent.

32. Defendants have and continue to directly infringe the '970 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '970 Patent. Such products include Honeywell thermostats, alarm services, and security cameras using the Total Connect System.

33. For example, Defendants have and continue to directly infringe at least claim 1 of the '970 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include Honeywell thermostats, alarm services, and security cameras using the Total Connect System.

34. For example, the Total Connect system performs a method for providing location-based information services to a portable electronic device (e.g., on a mobile phone or tablet through the Total Connect Application, the Resideo Application, or other related applications). The Total Connect system performs the step of providing an information platform (e.g., the Resideo mobile app and associated servers where the user registers all devices) and a user preference settings database (e.g., Resideo servers/databases) for respectively receiving and recording preference settings for categories of information and location range from a user of the portable electronic device.

35. The Total Connect system performs the step of setting and storing in a condition

14

database at least one condition (e.g., custom alerts) for triggering information services provision to the portable electronic device (e.g., mobile phone).

36. The Total Connect system performs the step of receiving positioning information that includes a location of the portable electronic device by having a positioning module (e.g., geofencing receives mobile phone positioning data through positioning modules in the mobile phone).

37. The Total Connect system performs the step of determining through use of a condition module whether the at least one condition for triggering information services provision stored in the condition database (e.g., Resideo servers/databases) has been met, and when the condition has been met (e.g., the geofence has been crossed), selecting location information from a location information database (e.g., Home location) in accordance with the positioning information (e.g., real time location of a mobile phone) and the preference settings for categories of information and location range and transmitting the selected location information to the portable electronic device.

38. Defendants have and continue to indirectly infringe one or more claims of the '970 Patent by knowingly and intentionally inducing others, including Resideo customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

39. Defendants, with knowledge that these products, or the use thereof, infringe the '970 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '970 Patent by providing these products to others for use in an infringing manner. Alternatively, on information

and belief, Defendants have adopted a policy of not reviewing the patents of others, including specifically those related to Defendants' specific industry, thereby remaining willfully blind to the Patent-in-Suit at least as early as the issuance of the Patent-in-Suit.

40. Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '970 Patent, but while remaining willfully blind to the infringement. Defendants have and continue to induce infringement by its customers, partners, and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' website, product literature and packaging, and other publications.

41. Nostromo has suffered damages as a result of Defendants' direct and indirect infringement of the '970 Patent in an amount to be proven at trial.

42. Nostromo has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '970 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Nostromo prays for relief against Defendants as follows:

a. Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of the Patent-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their

officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patent-in-Suit;

  c. An order awarding damages sufficient to compensate Nostromo for Defendants' infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

  d. Entry of judgment declaring that this case is exceptional and awarding Nostromo its costs and reasonable attorney fees under 35 U.S.C. § 285; and

  e. Such other and further relief as the Court deems just and proper.

Dated: February 20, 2024         Respectfully submitted,

                */s/ Vincent J. Rubino, III*
                Alfred R. Fabricant
                NY Bar No. 2219392
                Email: ffabricant@fabricantllp.com
                Peter Lambrianakos
                NY Bar No. 2894392
                Email: plambrianakos@fabricantllp.com
                Vincent J. Rubino, III
                NY Bar No. 4557435
                Email: vrubino@fabricantllp.com
                **FABRICANT LLP**
                411 Theodore Fremd Avenue
                Suite 206 South
                Rye, New York 10580
                Telephone: (212) 257-5797
                Facsimile: (212) 257-5796

                ***ATTORNEYS FOR PLAINTIFF,***
                ***NOSTROMO LLC***